Matthew P. Bergman, WSBA #20894
Vanessa J. Firnhaber Oslund, WSBA #38252
Justin Olson, WSBA #51332
BERGMAN DRAPER OSLUND UDO, PLLC
821 2nd Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 957-9510
Facsimile: (206) 957-9549
Email: matt@bergmanlegal.com
       vanessa@bergmanlegal.com
       justin@bergmanlegal.com
       service@bergmanlegal.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. WELCH and LINDA WELCH, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**CRANE CO.**, Individually and as successor-in-interest to CHAPMAN VALVE CO. and DEMING PUMPS; and **VELAN VALVE CORPORATION**,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR PERSONAL INJURIES<br><br>JURY DEMAND |

### I.   PARTIES

1.1   Plaintiffs David J. Welch and Linda Welch, husband and wife, reside in Sumas, Washington.

1.2   Defendants are corporations incorporated and with their principal places of business outside the State of Washington.

COMPLAINT FOR PERSONAL INJURIES- 1        BERGMAN DRAPER OSLUND UDO
       821 2ND AVENUE, SUITE 2100
       SEATTLE, WA 98104
       TELEPHONE: 206.957.9510

1.3  Defendants and/or their predecessors-in-interest are corporations or other entities responsible for exposing Plaintiff David J. Welch, to asbestos. They include companies that manufactured and placed into the stream of commerce equipment that included asbestos-containing components or equipment designed and intended to be used in conjunction with asbestos-containing components.

## II.  JURISDICTION

2.1  This Court has diversity jurisdiction over the above-captioned cause because the amount in controversy exceeds $100,000 and Plaintiffs and Defendants are residents of different states. The court has specific jurisdiction over the out-of-state defendants because they all purposely availed themselves of the benefits of transacting business in Washington State, Plaintiffs' claim arises out of and relates to defendants' contacts in Washington, and the Court's exercise of jurisdiction over this matter comports with traditional notions of fair play and substantial justice.

## III.  FACTS

3.1  Plaintiff David J. Welch (DOB: 1944) was a fireman and welder serving in the United States Navy between 1965 through 1969, first aboard the *USS Carronade* (IFS-1), an in-shore fire support vessel, and then the *USS Princeton* (LPH-5), an aircraft carrier.

3.2  When Mr. Welch first arrived on the *USS Carronade,* the ship was coming out of "mothballs" in preparation for active service. This process required significant work to clean and prepare the engineering equipment for combat, including work on valves that were designed by the manufacturers to use asbestos-containing components (gaskets, packing, and/or thermal insulation) that would wear out and have to be replaced on a routine basis. The valve

manufacturers knew and understood that their equipment would not function as intended without the asbestos-containing components or asbestos-containing insulation.

3.3     When Mr. Welch first arrived on the *USS Princeton*, the ship was being "recommissioned" for service, having been in mothballs since the Korean War. The *USS Princeton* was overhauled at Long Beach Naval Shipyard for six months before sailing to Vietnam. Like the *Carronade*, the process of cleaning and preparing the engineering equipment of the *USS Princeton* for combat required significant work, including work on valves that were designed by the manufacturers to use asbestos-containing components (gaskets, packing, and/or thermal insulation) that would wear out and have to be replaced on a routine basis. The valve manufacturers knew and understood that their equipment would not function as intended without the asbestos-containing components or asbestos-containing insulation.

3.4     Replacement parts, including asbestos-containing components, would be supplied by the valve manufacturers to the United States Navy or to the shipyards where Navy vessels were being serviced.

3.5     While serving aboard the *USS Carronade* and *USS Princeton*, Mr. Welch was exposed to asbestos-containing gaskets, packing, and thermal insulation associated with Velan valves.

3.6     While serving aboard the *USS Carronade* and *USS Princeton*, Mr. Welch was exposed to asbestos-containing gaskets, packing, and thermal insulation associated with Crane Co. valves.

3.7     As a result of his exposure to asbestos products as described above, plaintiff David Welch was diagnosed with mesothelioma in May 2021.

## IV. LIABILITY

4.1 Plaintiffs' claims against the equipment manufacturers are based upon negligence and strict product liability under Section 402A of the Restatement of Torts as adopted by the State of Washington. The liability-creating conduct of defendants consisted, inter alia, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

## V. DAMAGES

5.1 As a proximate result of defendants' tortious conduct, plaintiff David J. Welch sustained pain, suffering and disability in an amount not now known, but which will be proven at trial. Plaintiff David J. Welch also sustained medical expenses and economic losses, in an amount to be proven at trial. Plaintiff Linda Welch has sustained loss of consortium as a result of David J. Welch's illness.

## VI. PUNITIVE DAMAGES

6.1 Each defendant has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with conscious disregard to the health, safety and welfare of David J. Welch's health by failing to substitute non-asbestos alternative components, by failing to warn of the hazards intrinsic to working with its products, or otherwise in a manner to be proven upon completion of discovery in this case.

6.2 Plaintiffs' punitive damage claims are asserted under maritime law.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them as follows:

1. For general and special damages specified above, including pain, suffering, loss of spousal and/or parental relationship and disability;

2. For medical and related expenses and economic loss, all of which will be proven at the time of trial;

3. For punitive damages in an amount to be determined by the jury;

4. For plaintiffs' costs and disbursements herein;

5. For prejudgment interest in the amount to be proven at trial; and

6. For such other relief as the Court deems just.

DATED this 14th day of March 2022.

BERGMAN DRAPER OSLUND UDO, PLLC

By  */s/ Matthew P. Bergman*
Matthew P. Bergman, WSBA #20894
Vanessa J. Firnhaber Oslund, WSBA #38252
Justin Olson, WSBA #51332
821 2nd Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 957-9510
Facsimile: (206) 957-9549
Email: matt@bergmanlegal.com
         vanessa@bergmanlegal.com
         justin@bergmanlegal.com
         service@bergmanlegal.com
Attorney for Plaintiffs

1 **DEMAND FOR JURY TRIAL**

2 Plaintiffs demand trial by jury of all issues as set forth herein.

3 DATED this 14th day of March 2022.

4 BERGMAN DRAPER OSLUND UDO, PLLC

5 By  */s/ Matthew P. Bergman*

Matthew P. Bergman, WSBA #20894

6 Vanessa J. Firnhaber Oslund, WSBA #38252

Justin Olson, WSBA #51332

7 821 2nd Avenue, Suite 2100

Seattle, WA 98104

8 Telephone: (206) 957-9510

Facsimile: (206) 957-9549

9 Email: matt@bergmanlegal.com

vanessa@bergmanlegal.com

10 justin@bergmanlegal.com

service@bergmanlegal.com

11 Attorney for Plaintiffs