HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA WELCH, individually and in her capacity as personal representative of the ESTATE of DAVID J. WELCH,<br><br>    Plaintiff,<br><br>v.<br><br>Crane Co. Individually and as successor-in-interest to CHAPMAN VALVE CO. and DEMING PUMPS; and VELAN VALVE CORPORATION,<br><br>    Defendants. | Case No. 2:22-cv-00302-RAJ<br><br>**ORDER** |

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's motion to exclude Defendant Redco Corporation f/k/a Crane Co.'s ("Crane") expert witnesses[1]. Dkt. # 35. For the reasons below, the Court **DENIES** the motion. The parties have an affirmative obligation to inform its witnesses of the Court's rulings on all evidentiary matters.

## II.  BACKGROUND

This dispute arises out of Plaintiff's negligence and product liability action

---

[1] Summary judgment was granted as to Velan Valve Corp. pursuant to this Court's June 30, 2023 Order. *See* Dkt. # 54.

ORDER – 1

stemming from Decedent David J. Welch's service onboard several Navy ships and subsequent diagnosis and death from mesothelioma. Dkt. # 1. Plaintiff moves to exclude the expert opinions of Samuel A. Forman, M.D., RADM David P. Sargent, Jr., and Brian A. Taylor, M.D. Dkt. # 35. This Court's May 20, 2022 Order Setting Trial Date and Related Dates set a deadline of February 8, 2023 for expert witness disclosures and reports under FRCP 26(a)(2). Dkt. # 22. On February 8, 2023, Crane served its Disclosure of Expert Witness Reports, listing Dr. Forman, RADM Sargent, and Dr. Taylor as witnesses and attaching their expert reports. Dkt. # 36 (Declaration of Justin Olson ISO Motion to Exclude), Ex. 3 (Crane Disclosure of Expert Witness Reports). Additionally, Crane disclosed Charles Blake as an expert concerning industrial hygiene and indicated that Crane hoped to provide his report by February 14, 2023. *Id.* Crane provided Mr. Blake's report on February 9, 2023. *Id.*, Ex. 4.

The export reports submitted by Dr. Forman, RADM Sargent, and Dr. Taylor appear to have been originally prepared in relation to the case *Earl K. Gross and Nancy E. Gross v. Aqua-Chem, Inc., et al.*, Case No. 2:20-cv-01777-RAJ. *Id.*, Ex. 3 at 7. None of the proposed experts indicate that they reviewed records related to Decedent David J. Welch. On May 19, 2023, Plaintiff moved to exclude testimony of Dr. Forman, RADM Sargent, and Dr. Taylor, arguing that the reports submitted by each fail to comply with FRCP 26. Dkt. # 35.

**A.) Samuel A. Forman, M.D.**

Dr. Forman, who specializes in preventative and occupational medicine, provides what Crane characterizes as a "representative report" that includes his opinion regarding the Navy's informed-decision making process with regard to the use of asbestos in operating requirements. Dkt. # 43 at 4-5; *see also* Dkt. # 36, Ex. 3. Further, Dr. Forman opines that the Navy's occupational health program did not rely on advice from equipment manufacturers regarding long-term occupational health issues posed by exposure to asbestos dust. *Id.* Dr. Forman's report indicates that the case-specific

ORDER – 2

1  materials reviewed by him were video depositions and exhibits related to the *Gross*
2  litigation, union and Social Security Administration documentation, and what appear to
3  be witness deposition transcripts. Dkt. # 36, Ex. 3 at 63.

4     **B.) RADM David R. Sargent, Jr.**

5  RADM Sargent, a retired Rear Admiral of the U.S. Navy and mechanical
6  engineer, provides opinions regarding Navy specification for the content and technical
7  details of gaskets, packing materials, and insulation used in Navy shipboard equipment.
8  Dkt. 43 at 5. RADM Sargent also opines that the total amount of asbestos materials
9  contained in gaskets and packing was very small compared to the extensive amount of
10 asbestos contained in the Navy specified thermal insulation. *Id.* RADM Sargent's report
11 indicates that he reviewed pleadings and deposition transcripts from the *Gross* litigation.
12 Further, the report states that RADM Sargent "reserve[s] the right to amend this report
13 should additional information become available regarding Earl Gross' Naval Shipyard
14 work." Dkt. # 36, Ex. 3 at 125.

15    **C.) Brian A. Taylor, M.D.**

16 Dr. Taylor works in pulmonary and critical care medicine. He provides an opinion
17 regarding how high levels of exposure to chrysotile asbestos are required before chrysotile
18 can cause or contribute to the development of malignant pleural mesothelioma. Dkt. 43 at
19 5. His report states that he was asked to render an opinion as to the cause of the medical
20 condition of Earl K. Gross and what, if any, role Crane Co. products may have had. *Id.*,
21 Ex. 3 at 138. Dr. Taylor indicates that he reviewed medical records, chest radiographs, and
22 chest CT scans for Mr. Gross in the course of preparing his report. *Id.*

23              **III.  DISCUSSION**

24 Plaintiff argues that this Court should exclude the reports of Dr. Forman, RADM
25 Sargent, and Dr. Taylor because they do not comply with the requirements of Rule 26.
26 Specifically, Plaintiff objects to Crane's expert testimony because their reports fail to
27 include any review or analysis specific to Mr. Welch's circumstances. Dkt. # 35 at 8.

28 ORDER – 3

Plaintiff also alleges that the reports contain no opinions, underlying data, or analysis, which "renders the possibility of exploring case-specific opinions impossible." Dkt. # 35 at 8. Without a "proper report," Plaintiff argues that she was unable to conduct depositions. *Id.* at 8-9. Because of Crane's failure to comply with the federal rules, Plaintiff argues, these three experts and their reports and testimony should be excluded. *See* Fed. R. Civ. P. 26(a)(2)(B); *see also Ross v. Fred Meyer Stores, Inc.*, No. C09-5285BHS, 2010 WL 2650524, at *2 (W.D. Wash. July 1, 2020) ("Failure to comply with Fed. R. Civ. P. 26(a)(2)(B) automatically results in the exclusion of the expert witness and his or her testimony from all motions, hearings, and trial unless the party opposing exclusion can demonstrate that the failure to make the disclosures was either substantially justified or harmless.").

Crane counters that Plaintiff did indeed have ample opportunity to depose the disclosed experts for any potential case-specific opinions, as Crane served its Disclosure of Expert Witness Reports in substantial compliance with the rules. Dkt. # 43 at 6. Plaintiff simply chose not to. Given the "repetitive nature" of asbestos litigation, and Plaintiff's alleged failure to present evidence that Crane products caused Mr. Welch's mesothelioma, any alleged error is harmless. *Id.* at 8. Further, Crane argues, even if this Court were to find that the experts provide no case-specific opinions, their testimony should not be excluded because they can still present testimony relevant to the trier of fact. Dkt. # 43 at 7.

The Court finds that the expert reports produced by Dr. Forman, RADM Sargent, and Dr. Taylor meet the requirements of Rule 26(a)(2)(B). Rule 26(a) sets forth the requirements concerning the parties' mandatory disclosures, including expert disclosures. Fed. R. Civ. P. 26(a)(2). Parties must disclose any witness retained to present expert testimony at trial and include a report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(A)-(B). The report must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data

ORDER – 4

considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i-(ii). These disclosure requirements are interpreted "broadly." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 (9th Cir. 2014). "Bald conclusions, brief statements of ultimate conclusions with no explanations of the basis and reasons therefore, or reports omitting a statement of how the facts support the conclusions do not satisfy Rule 26(a)(2)(B)." *Izzo v. Wal-Mart Stores, Inc.*, No. 2:15-cv-01142-JAD-NJK, 2016 WL 593532, at *2 (D. Nev. Feb. 11, 2016) (citations omitted). Plaintiff characterizes Crane's disclosure of expert reports containing no Welch-specific analysis as a violation of Rule 26, but presents no authority requiring exclusion of a report that contains no case-specific review— however helpful that may be. The Rules simply require an expert to provide a complete statement of all opinions to be expressed and the basis and reasons therefor. The reports at issue clear this bar.

      A trial court is accorded wide discretion when acting as gatekeeper for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–52 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Expert testimony is admissible under Federal Rule of Evidence 702 if the expert is qualified and if the testimony is both relevant and reliable. Fed. R. Evid. 702; *see also Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004).

      Plaintiff presents no argument that Crane's experts are unqualified. As to reliability, Crane's experts' lack of review of any pleadings, transcripts, or records concerning Mr. Welch will undoubtedly be ripe ground for cross-examination. *See Daubert*, 509 U.S. at 596 ("Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence"); *see also* Fed. R Evid. 705 ("…[A]n expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination."). However, there is no evidence that Crane currently intends to offer testimony beyond the scope of each of their experts' reports, and Plaintiff will have the opportunity to object to

ORDER – 5

such testimony at trial. And general causation testimony may be relevant and helpful to the trier of fact. *Elorreaga v. Rockwell Automation, Inc.*, No. 21-cv-05696-HSG, 2023 WL 2717260, at *6 (N.D. Cal. Mar. 30, 2023) (court declined to exclude general asbestos-related causation testimony from expert who had no case-specific opinions); *see also* Fed. R. Evid. 403. Accordingly, the admissibility of testimony from Dr. Forman, RADM Sargent, and Dr. Taylor is limited to the opinions expressed in their disclosed expert reports.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Exclude. Dkt. # 35.

DATED this 6th day of July, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6